Cheshire, }
Dec., 1899. }

### THE YOUNG MEN'S CHRISTIAN ASSOCIATION *v.* KEENE.

The rented real estate of a corporation formed solely for benevolent and charitable purposes is not exempted from taxation as property "used for the purposes of the association."

BILL IN EQUITY, for an abatement of taxes. Facts found by the court. The plaintiffs were organized as a corporation under the General Laws, and own a three-story brick building on West street, the principal part of which is used for the purposes of the organization. They rent two stores on the first floor, one for a crockery store and the other for a restaurant. The primary object in renting the stores is to obtain revenue, for use in carrying on the work of the organization. An incidental object is to draw people to the vicinity of the building, so that they may become interested in the work of the association. It is desirable that there should be a restaurant near by, where meals may be furnished to members and those whom the association assists. The tax was assessed upon that part of the building which is rented. The plaintiffs claim an exemption under chapter 259, Laws 1893.

*Joseph Madden*, for the plaintiffs.

*John T. Abbott*, for the defendants.

PEASLEE, J. The plaintiffs' property on West street is exempt from taxation "so long as and to the extent that it is used for the purposes of the association." Laws 1893, c. 259. The preamble to the act declares that those purposes are solely benevolent and charitable. That portion of the building which is let to tenants is not used for the purposes of the association, but to obtain an income, or, in the language of the preamble, "for the purpose of profit or gain." The use made of the income does not entitle the plaintiffs to an exemption of the property from which the income is derived. Nor is the fact that the use incidentally promotes the objects of the association of controlling effect. The use must be exclusively for those objects, or there is no exemption. The reason for this conclusion has been fully stated in recent cases, and the question cannot now be considered to be open in this state. *Phillips Exeter Academy* v. *Exeter*, 58 N. H. 306 ; *Alton etc. Association* v. *Alton*, 69 N. H. 311 ; *New London* v. *Academy*, 69 N. H. 443. The tax was rightfully assessed.

This conclusion renders it unnecessary to consider whether the plaintiffs' misconception of the form of their remedy is a sufficient defence. P. S., c. 59, s. 11; *Perley* v. *Dolloff*, 60 N. H. 504; *Rockingham Ten Cent Savings Bank* v. *Portsmouth*, 52 N. H. 17, 29.

*Bill dismissed.*

PIKE, J., did not sit: the others concurred.